UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN C. HOLTON, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:22-70 |
| v. | : | (MANNION, D.J.) |
| UNITED STATES OF AMERICA, *et al.*, | : | (ARBUCKLE, M.J.) |
| | : | |
| Defendants | : | |
| | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge William I. Arbuckle, which recommends the United States' motion to dismiss be denied and the plaintiff's complaint be dismissed with respect to defendants Brosious, Liebson-Mace and Spiese[1] without leave to amend. (Doc. 33). Neither party has filed objections to the report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R.

---

[1] Defendants Brosious, Liebson-Mace and Spiese were not included in the caption of the plaintiff's complaint and were therefore not added to the docket in this case. However, the plaintiff indicates in his complaint that he also wishes to bring the action against these defendants. The Clerk of Court will be directed to add these defendants to the docket, but list these defendants as terminated in light of this order.

Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff lodged his complaint on January 13, 2022, alleging claims pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 1). The plaintiff sought, and was granted, leave to proceed *in forma pauperis*. (Doc. 9). The United States filed a motion to dismiss the plaintiff's complaint arguing: (1) The court lacks subject matter jurisdiction over administrative claim number 07486; (2) Plaintiff's medical malpractice claims should be dismissed because plaintiff did not file a certificate of merit that complies with Pa.R.Civ.P. 1042.3; and (3) Plaintiff cannot plead a plausible medical malpractice claim without a medical expert. (Doc. 24).

In considering the United States' motion, as to the first argument, Judge Arbuckle determined that the only administrative claim raised in the instant action is administrative claim number 05034, not administrative claim

number 07486. Given documentation submitted by the plaintiff, Judge Arbuckle determined that administrative claim number 05034 has been properly exhausted and, therefore, the court has jurisdiction to consider the plaintiff's action. As to the second and third arguments, given the Third Circuit's recent holding in *Wilson v. United States*, __F.4th__, 2023 WL 5341494, at *3 (3d Cir. Aug. 21, 2023), Judge Arbuckle found that Rule 1042.3's certificate of merit requirement does not apply in FTCA cases, and the United States has not asserted any other reason the plaintiff's complaint fails to state medical malpractice claims other than his claims are not exempt from the requirement of expert testimony and he failed to procure an expert certificate that would allow him to use expert testimony under Pennsylvania law.[2] On these bases, Judge Arbuckle recommends that the United States' motion to dismiss should be denied. However, in light of the fact that the only claim raised in the complaint is an FTCA claim for which the only proper defendant is the United States, Judge Arbuckle also recommends that the individual defendants be dismissed *sua sponte* pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

---

[2] In any event, Judge Arbuckle found that plaintiff's complaint not only asserts medical malpractice claims, but also asserts an ordinary negligence claim.

As indicated, neither party has filed any objections to Judge Arbuckle's report. Upon review, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court will adopt Judge Arbuckle's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle **(Doc. 33)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The United States' motion to dismiss **(Doc. 24)** is **DENIED**.

**(3)** The plaintiff's complaint is **DISMISSED** as to defendants Brosious, Liebson-Mace and Spiese without leave to amend pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

**(4)** In order to clarify the docket, the Clerk of Court is directed to **AMEND THE DOCKET** in this case to add defendants Brosious, Liebson-Mace and Spiese, but list these defendants as **TERMINATED**.

**(5)** The instant action is **REMANDED** to Judge Arbuckle for all further pre-trial proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 25, 2023**
22-70-01