UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUBEN C. HOLTON,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO. 4:22-CV-00070

(SAPORITO, J.)
(CARABALLO, M.J.)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Philip J. Caraballo, in which he recommends that the defendant's motion for summary judgment (Doc. 58) be granted. (Doc. 63).

On March 11, 2025, we adopted, as modified, a report and recommendation from United States Magistrate Judge William I. Arbuckle[1] (Doc. 50) granting the United States's motion for judgment on the pleadings in part and denying it in part. (Doc. 52). While noting that the plaintiff had failed to support his claims of ordinary and professional

---

[1] This case has been reassigned to Magistrate Judge Phillip J. Caraballo since Magistrate Judge Arbuckle issued his Report and Recommendation. Magistrate Judge Arbuckle has since retired.

negligence against the government for the plaintiff's alleged injury of contracting COVID-19 while being housed at the Federal Correctional Institution, Schuylkill ("FCI Schuylkill"), we found that the plaintiff had sufficiently supported his claims of ordinary and professional negligence as to the plaintiff's lingering and permanent COVID-19 symptoms and "pain of mind" injuries. But we explained that our "holding … does not excuse the plaintiff's burden in proving the requisite elements of a medical malpractice claim including potential testimony from a medical expert to prevail on that claim" and "does not impact the potential viability of the defendant's contention that the plaintiff needs to present expert testimony to ultimately prevail on his claim." (*Id.*, at 24, 25 n.9). In other words, we found that while the plaintiff had alleged sufficient facts to survive a motion for judgment on the pleadings, the plaintiff's allegations alone were not enough to survive a potential motion for summary judgment.

Here, Judge Carballo echoes this sentiment in his report and recommendation. Upon review of the government's motion for summary judgment, Judge Caraballo found that the while the government introduced expert evidence to support its motion, the plaintiff "seeks to

survive summary judgment by leveraging the Court's decision on the United States' motion for judgment on the pleadings" rather than offering any necessary expert evidence for his professional negligence claim or any evidence to support his ordinary negligence claims to survive summary judgment. *See* (Doc. 63, at 30, 36) ("Holton was required to produce his own supporting expert testimony. His failure to do so precludes him from succeeding on his medical negligence claim" and "Holton has not offered any expert evidence to create a genuine issue of fact concerning his professional negligence claim [] and no reasonable factfinder could find that the United States committed medical malpractice based on the existing record"); *see also* (*Id.*, at 43) ("Nothing in the record evinces any refusal to administer, or delays in administering[,] medical treatment, and Holton does not identify any evidence corroborating his claim. Nor does he explain, through evidence or otherwise, how the treatment he received was flawed or delayed…."). Indeed, Judge Caraballo found that the record indicated that the plaintiff received consistent treatment from prison medical staff in response to the plaintiff's complaints and that the plaintiff's lingering COVID-19 symptoms were caused by actions independent of the government's

action. For the foregoing reasons, Judge Caraballo recommends granting the government's motion for summary judgment.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Caraballo's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The report and recommendation of Judge Caraballo (Doc. 63) is **ADOPTED** in its entirety; and

2.    The defendants' motion for summary judgment (Doc. 58) is **GRANTED;** and

- 5 -

3.    The Clerk shall enter judgment in favor of the defendant.

4.    The Clerk shall close this case.

Dated: March 3, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge